

**IT IS ORDERED as set forth below:**

**Date: May 15, 2017**

_Wendy L. Hagenau_
_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ROCKY RENE WHITE, | ) | CASE NO. 14-65320-WLH |
| | ) | |
| _____Debtor. | ) | _____ |
| | ) | |
| ROBBIE WHITE, | ) | |
| PHYLLIS WHITE, Individually and as | ) | |
| Adminstrator for the Estate of | ) | |
| THELMA BROWNLEE | ) | ADVERSARY NO. 14-05331 |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROCKY RENE WHITE, | ) | |
| | ) | |
|     Defendant. | ) | |

**ORDER CERTIFYING JUDGMENT AS FINAL ORDER PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 7054**

The Court previously ruled that the trial of this matter would be bifurcated such that the Court would first address all claims related to 11 U.S.C. § 727 before taking up the remaining claims under 11 U.S.C. § 523.  The Court entered an order after trial on March 20, 2017 finding for Defendant on all counts under 11 U.S.C. § 727 ("Trial Order") (Docket No. 204).  A status conference was held on May 4, 2017, at which the Court raised the issue of certification of the Trial Order with the parties.  Neither Plaintiff nor Defendant opposed certification of the Trial Order as a final order.  With this Order, the Court makes an express determination that there is no just reason to delay certification of the Trial Order as final pursuant to Fed. R. Bankr. P. 7054.

Fed. R. Bankr. P. 7054 incorporates Fed. R. Civ. P. 54(b), which states in relevant part "[w]hen an action presents more than one claim for relief…the court may direct entry of a final judgment as to one or more, but fewer than all, claims…only if the court expressly determines that there is no just reason for delay."  To make a determination under Rule 54(b), courts must engage in a two-step process: first, making a determination that a "final judgment" has been entered, and second, finding that there is no just reason to delay certification of the final judgment.  See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7-8 (1980); see also Lloyd Noland Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007); In re Thadikamalla, 2012 WL 7009639, at *1 (Bankr. N.D. Ga. Dec. 18, 2012).

To qualify as a final judgment, "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"  Curtiss-Wright Corp., 446 U.S. at 7 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)).  In other words, the judgment must fully dispose of a substantive claim that is separable from other claims in the proceeding.  In re Douglas Asphalt Co., 2012 WL 423784, at *3 (Bankr. S.D. Ga. Jan. 13, 2012).  "Claims are separable when…different sorts of relief are sought."  In re

Southeast Banking Corp., 69 F.3d 1539, 1547 (11th Cir. 1995).  Plaintiffs' complaint, as amended, sought to deny Defendant his discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(3), (a)(4)(A) and (a)(4)(D), and separately sought a determination that certain debts should be excepted from Defendant's discharge pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4) and (a)(6). Determinations of dischargeability are entirely separate from objections to a debtor's discharge, such that a section 727 claim can be resolved without affecting a pending claim under section 523.  Kaye v. Parker (In re Parker), 2003 WL 21703528, at *3 (Bankr. N.D. Ga. July 18, 2003). The Trial Order is the ultimate disposition of all of Plaintiffs' claims related to section 727, and those claims are independent of Plaintiffs' remaining claims under section 523; therefore the Court finds that the Trial Order qualifies as a final judgment for the purpose of Rule 54(b).

The Court must next determine whether there is any just reason for delay.  In making its determination, a court "must take into account judicial administrative interests as well as the equities involved."  Curtiss-Wright Corp., 446 U.S. at 8.  "Consideration of the former is necessary to assure that the application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'"  Id. (quoting Mackey, 351 U.S. at 438); see also Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 167 (11th Cir. 1997) ("The federal concept of sound judicial administration and efficiency will not normally be furthered by [having piecemeal appeals].").  Here, the claims resolved in the Trial Order are entirely separate from the claims that remain to be tried in this adversary proceeding, and the nature of Plaintiffs' dischargeability claims is such that the same issues would not have to be decided more than once if appealed separately from the Trial Order.  Further, any appeal of the Trial Order will not disturb or prejudice the remaining claims.  The Court also finds that the equities favor entry of a final judgment.  Once the finding in favor of Defendant on the section 727 claims is finalized, Defendant will be entitled to receive his discharge in the underlying bankruptcy case, and the

bankruptcy case will be able to proceed to conclusion.  Therefore, the Court finds that there is no just reason for delaying the certification of the Trial Order as final pursuant to Rule 54(b). Accordingly, it is hereby

**ORDERED** that the Trial Order is certified as a final order pursuant to Fed. R. Bankr. P. 7054 and Fed. R. Civ. P. 54(b).

## END OF DOCUMENT

## DISTRIBUTION LIST

Terrence Shannon
PO Box 91
Porterdale, GA 30070

Rocky Rene' White
PO Box 1884
Lilburn, GA 30048